IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS, <br><br> *Plaintiff* <br><br> vs. <br><br> MEDICAL DIAGNOSTIC LABORATORIES, LLC, <br><br> *Defendant* | CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY AND PERMANENT INJUNCTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics, the Plaintiff herein ("Genesis" or "Plaintiff"), who files this Original Complaint and Application for Preliminary and Permanent Injunction against Defendant Medical Diagnostic Laboratories, LLC ("MDL" or "Defendant"), and in support thereof, would respectfully show unto the Court as follows:

1.

STATEMENT OF THE CASE

1.1    This lawsuit is an action brought by the Plaintiff against the Defendant for Trademark infringement in violation of the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq. and 15 U.S.C. §1114, as well as unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

2.

JURISDICTION and VENUE

2.1     This Court has jurisdiction over the parties and subject matter jurisdiction over the controversy in question pursuant to the provisions of 15 U.S.C. §1051 et seq., 15 U.S.C. §1121, as well as 28 U.S.C. §§ 1331, 1338 & 1367.

2.2     A substantial part of the events or omissions giving rise to the claims brought by Plaintiff herein occurred in the Eastern District of Pennsylvania, and/or a substantial part of property that is the subject of this action is situated in said District.  Hence, venue is appropriate herein by virtue of 28 U.S.C.A. §1391(b).

3.

THE PARTIES

3.1     Plaintiff is a foreign limited liability company authorized to conduct business in the Commonwealth of Pennsylvania. It holds a medical laboratory testing license issued by the Commonwealth of Pennsylvania, and it maintains its principal place of business at 900 Town Center Drive, Suite H50, Langhorne, PA 19047.

3.2     Defendant is a foreign limited liability company authorized to conduct business in the Commonwealth of Pennsylvania. It holds a medical laboratory testing license issued by the Commonwealth of Pennsylvania, and it maintains its principal place of business at 2439 Kuser Road, Hamilton Township, N.J. 08690. Its Chief Executive Officer and Founder is Eli Mordechai, Ph.D. The Defendant may be served with summons and complaint by and through Dr. Mordechai, who is located at 2439 Kuser Road, Hamilton Township, N.J. 08690, or wherever he may be found.

4.

FACTUAL BACKGROUND

4.1     Plaintiff is a clinical medical laboratory based in Langhorne, Pennsylvania. It holds a Pennsylvania medical laboratory license, and it provides clinical laboratory, pharmacy, and addiction rehabilitation services to numerous medical service providers located throughout the country. As part of its business model, the Plaintiff can perform laboratory testing services at its facilities in Langhorne, Pennsylvania, or it can establish a laboratory facility on the premises of a hospital and provide on-site clinical laboratory, pharmacy, genetics, and addiction rehabilitation testing services on an in-patient or out-patient basis for the hospital's patients (the "Laboratory Testing Services"). Those Laboratory Testing Services, whether they are performed in Pennsylvania or on-site, are normally billed directly to the patient, or a patient's third-party insurer, or to Medicare/Medicaid.

4.2     The Plaintiff owns the federally registered trademark **GENESIS DIAGNOSTICS**® (the "Word Mark") (U.S. Registration No. 4865466) which it uses in connection with its Laboratory Testing Services business. A copy of the GENESIS DIAGNOSTICS® registration certificate is attached hereto as Exhibit 1. More specifically, the Laboratory Testing Services include biological, microbiological, serological, chemical, immunohematological, hematological, biophysical, cytological, pathological, or other examination of materials derived from the human body for purpose of providing information to medical service providers for the diagnosis, prevention, or treatment of any disease or impairment of human beings.

4.3     On February 6, 2020, Plaintiff filed a new trademark application, U.S. Appl. Ser. No. 88/787323, containing the literal elements GENESIS DIAGNOSTICS along with an image

of a crescent moon, which opens to the right with a structure of double-stranded DNA contained inside the moon, with the word "GENESIS" to the right of the image and the word "DIAGNOSTICS" underneath "GENESIS" (the "Stylized Mark"). Plaintiff's first use of the Stylized Mark in commerce was at least as early as April 14, 2015.

   4.4  In December of 2018, Ms. Janna Liebmann, presented herself as a salesperson for Defendant MDL, a division of "Genesis Diagnostics", to a phlebotomist at the DeRosa medical practice in Chandler, Arizona, a client to whom Plaintiff provides Laboratory Testing Services. A true and correct copy of the business card presented to DeRosa medical practice during Ms. Liebmann's sales call is attached hereto and incorporated herein for all purposes as Exhibit "2."

   4.5  On December 21, 2018 the Defendant was placed on notice by the Plaintiff and requested to immediately cease and desist in its use of the service mark reflected in Exhibit 2 that wrongfully interfered with Plaintiff's Mark. On January 15, 2019, Ms. Susan Case, the Chief Legal Officer for Defendant sent a letter to Plaintiff acknowledging the improper usurpation of Plaintiff's Mark, and also acknowledging that corrective action had been taken to remove any reference to "Genesis Diagnostics" from the Defendant's website, literature, and business documents. A true and correct copy of Ms. Case's January 15, 2019 correspondence is attached hereto and incorporated herein for all purposes as Exhibit "3."

   4.6  Plaintiff had hoped that the corrective action reflected within Exhibit 3 would be the end of the matter; however, such was not to be. In June of 2020, Plaintiff found that Defendant was continuing to interfere with both its registered Word Mark and Stylized Mark (collectively "Plaintiff's Marks"). On June 11, 2020 Plaintiff sent a letter to Ms. Case outlining Plaintiff's pending application for its Stylized Mark. A true and correct copy of Plaintiff's June 11, 2020 correspondence is attached hereto and incorporated herein for all purposes as Exhibit

"4." As reflected within Exhibit 4, Plaintiff's pending application for its Stylized Mark was suspended by the USPTO due to Defendant's application for a competing trademark comprising the literal elements "Genesis Clinical Diagnostics," and "a division of Genesis Clinical Diagnostics." On information and belief, Plaintiff submits that Defendant wrongfully placed the "Genesis Clinical Diagnostics," and "a division of Genesis Clinical Diagnostics" marks into the stream of commerce by publishing those marks on its website, thereby causing a likelihood of confusion as to the source of Plaintiff's Marks

4.7     Plaintiff has not at any time expressly, impliedly or in any other way sanctioned, consented, approved, authorized or acquiesced to the use of its Word Mark, Stylized Mark, or any confusing variation or formatives thereof, in connection with Defendant's advertising and sale of goods and services. However, because Defendant's infringing activities are in the field of laboratory testing services, customers and prospective customers of Plaintiff are, and will continue to be, confused as to whether Plaintiff had consented, approved, authorized or acquiesced to Defendant's use of Plaintiff's Word Mark, Stylized Mark, or any confusing variation thereof, in connection with Defendant's services.

4.8     Plaintiff has no control over the quality of Defendant's services, and the reputation and goodwill of Plaintiff are likely to be irreparably injured by such uncontrolled use of its Mark, and infringement upon its common law and applied-for new Stylized Mark. Upon information and belief, the aforementioned activities of Defendant have or will cause considerable irreparable injury to Plaintiff and its business reputation and goodwill. Unless restrained and enjoined by this Court, these activities will continue to cause irreparable harm to Plaintiff, and Plaintiff will have no adequate remedy at law.

5.

CAUSES OF ACTION

(A)     **COUNT ONE** – Federal Trademark Infringement; Violation of 15 U.S.C. §1114.

5.1     Plaintiff realleges and incorporates herein, as if fully set forth at length, each allegation and factual recitation set forth in paragraphs 4.1 through 4.8 above, as if repeated verbatim herein, in this its First Cause of Action.

5.2     Defendant has infringed upon Plaintiff's Marks in interstate commerce by various acts, including offering for sale goods and/or services under the "Genesis Clinical Diagnostics," and "a division of Genesis Clinical Diagnostics" monikers, in connection with providing competing laboratory testing services to customers located throughout the United States, including, but not limited to customers residing in the Eastern District of Pennsylvania. Defendant's use of the "Genesis Clinical Diagnostics," and "a division of Genesis Clinical Diagnostics" monikers is without permission or authority of Plaintiff and said use is not only likely but has in fact caused actual confusion and/or mistake.  Thus, under 15 U.S.C. §1114 Defendant has infringed upon Plaintiff's trademark rights in its federally registered Word Mark and has also infringed upon and caused confusion with respect to Plaintiff's Stylized Mark.

5.3     Because Defendant, despite Plaintiff's cease and desist request, has continued to misappropriate Plaintiff's Marks by using the terms "Genesis" and "Diagnostics" in connection with Defendant's services that are the same or similar to those provided by Plaintiff, such actions by Defendant must be viewed as part of a deliberate plan to trade on Plaintiff's Marks and the goodwill associated with same.  With knowledge of Plaintiff's ownership of both its registered Word Mark and Stylized Mark, and with the deliberate intention to unfairly benefit from the

goodwill generated thereby, the actions of Defendant have been carried out in willful disregard of Plaintiff's rights in violation of 15 U.S.C. § 1114.

    (B)    **COUNT TWO** – Federal Unfair Competition; Violation of 15 U.S.C. §1125(a).

5.4    Plaintiff realleges and incorporates herein, as if fully set forth at length, each allegation and factual recitation set forth in paragraphs 4.1 through 5.3 above, as if repeated verbatim herein, in this its Second Cause of Action.

5.5    Defendant's unauthorized use and infringement of Plaintiff's Marks constitutes a false designation of origin of the goods and services made available by Defendant and a false and misleading representation in violation of §43(a) of The Lanham Act, 15 U.S.C. §1125(a), causing irreparable injury to Plaintiff. The unauthorized use by Defendant in commerce of Plaintiff's Marks on goods and services identical or substantially identical to that of Plaintiff is not only likely but has in fact caused the public to mistakenly believe that Defendant's business activities and goods and services originate from, are sponsored by, or are in some way associated with Plaintiff. Such actions constitute false designation of origin or false descriptions or representations and are likely to cause Plaintiff's Marks to lose their significance as an indicator of origin. The actions by Defendant are in violation of 15 U.S.C. §1125(a).

5.6    Defendant's unauthorized use of Plaintiff's Marks on goods and services identical or substantially identical to that of Plaintiff was and is being conducted with full knowledge of Plaintiff's rights. Thus, Defendant has willfully infringed and is infringing upon such rights in violation of 15 U.S.C. §1125(a). Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff and will, unless restrained and enjoined by this Court, further impair, if not destroy, the value of Plaintiff's Marks and Plaintiff's business reputation and goodwill.

5.7     Defendant's continuing unfair competition relating to Plaintiff's Marks is knowing, intentional, malicious, fraudulent, deliberate, willful, wanton, reckless and egregious and is being carried out with the intent to cause confusion, mistake or deception.  This is an exceptional case under 15 U.S.C. §1117.  Plaintiff has no adequate remedy at law.

(C)     **COUNT THREE** – Dilution under the Pennsylvania Trademark Act, 54 Pa. Cons. Stat. Ann. §1124.

5.8     Plaintiff realleges and incorporates herein, as if fully set forth at length, each allegation and factual recitation set forth in paragraphs 4.1 through 5.7 above, as if repeated verbatim herein, in this its Third Cause of Action.

5.9     Plaintiff's Marks have become "famous" in Pennsylvania as a result of Plaintiff's continued use of its registered Word Mark since as early as August 1, 2014 and Stylized Mark as early as April 14, 2015.  Defendant is making commercial use in interstate commerce of a mark or trade name that was copied and/or wrongfully misappropriated from Plaintiff, and Defendant's use of the coopted Plaintiff Marks began after Plaintiff's Marks became famous in Pennsylvania. Defendant's use causes dilution by lessening the capacity of the Plaintiff to identify and distinguish goods or services.

(D)     **COUNT FOUR** – Unfair Competition under Pennsylvania common law.

5.10    Plaintiff realleges and incorporates herein, as if fully set forth at length, each allegation and factual recitation set forth in paragraphs 4.1 through 5.9 above, as if repeated verbatim herein, in this its Fourth Cause of Action.

5.11    Defendant, by reason of the foregoing conduct, has attempted to compete unfairly and has competed unfairly against Plaintiff with the specific intent to destroy Plaintiff's ability to conduct business, including the marketing of the Laboratory Testing Services under Plaintiff's

Marks The conduct of Defendant is and continues to be intentional, willful, malicious, outrageous and in bad faith.

5.12   As a direct and proximate result of the foregoing conduct of Defendant, Plaintiff has been damaged and will continue to be damaged and will suffer further irreparable injury unless Defendant is enjoined by the Court. Plaintiff has no adequate remedy at law and irreparable injury to Plaintiff increases with each and every action taken by Defendant with respect to its continuing use of the infringing marks.

6.

## JURY DEMAND

6.1   In accordance with the provisions of Fed. R. Civ. P. 38, Plaintiff hereby requests a trial by jury on all issues of fact asserted herein.

7.

## PLAINTIFF'S APPLICATION FOR INJUNCTION

7.1   Plaintiff realleges and incorporates herein, as if fully set forth at length, each allegation and factual recitation set forth in paragraphs 4.1 through 5.12 above, as if repeated verbatim herein, in this its request for both preliminary and permanent injunctive relief.

7.2   Plaintiff hereby applies for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) to preliminarily enjoin Defendant, during the pendency of this action, from continuing to willfully and deliberately infringe upon Plaintiff's Marks, as well as engaging in the unfair competition described in this Complaint. Such deliberate, willful and intentional use of Plaintiff's Marks constitutes infringement and false designation of origin which is likely to deceive and has deceived customers and prospective customers into believing that Defendant's

goods and services are that of Plaintiff, and as a consequence is likely to divert and has diverted customers away from Plaintiff.

7.3   Plaintiff is entitled to a preliminary injunction as requested herein pursuant to Fed. R. Civ. P. Rule 65(a). After trial, Plaintiff is additionally entitled to a permanent injunction as requested herein.

8.

DAMAGES

8.1   Plaintiff requests all actual damages against the Defendant in an amount to be determined by the trier of fact, which Plaintiff submits are within the jurisdictional limits of the Court.

8.2   Plaintiff requests all other damages, actual, general and/or special, legal and/or equitable, as allowed by law; in excess of the minimum jurisdictional limits of the Court.

8.3   The acts and/or omissions of Defendant were performed intentionally, knowingly, fraudulently, maliciously, and/or in utter disregard of the rights of Plaintiff. Accordingly, Plaintiff additionally requests exemplary damages for all causes of action for which exemplary damages are available herein.

9.

ATTORNEY'S FEES and COSTS OF COURT

9.1   To the extent allowed by either contract, statute, common law, or equity, Plaintiff requests the Court to award it all reasonable and necessary attorney's fees incurred by it in prosecuting this lawsuit against Defendant.

9.2   Plaintiff requests the Court to award it all costs of court incurred herein which are attributable to Plaintiff's prosecution of this lawsuit against Defendant.

10.

PRE- AND POST-JUDGMENT INTEREST

10.1    Plaintiff hereby pleads for pre-judgment interest at the maximum rate allowed by law.

10.2    Plaintiff hereby pleads for post-judgment interest at the maximum rate allowed by law.

**DEMAND FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics demands judgment herein against Defendant Medical Diagnostic Laboratories, LLC as follows:

A.  A judgment declaring that Plaintiff is the owner of the entire right, title and interest in and to the registered Trademark, Service Mark and Trade Name "GENESIS DIAGNOSTICS®," and its Stylized Mark U.S. App. Ser. No. 88787323 consisting of an image of a crescent moon which opens to the right with a structure of double-stranded DNA contained inside the moon, with the word "GENESIS" to the right of the image and the word "DIAGNOSTICS" underneath "GENESIS".

B.  A judgment declaring that Plaintiff's rights in Plaintiff's Marks are valid, enforceable, and have been infringed by Defendant;

C.  A judgment declaring that Defendant has competed unfairly with Plaintiff, has injured Plaintiff's business reputation by the unauthorized use of Plaintiff's Marks and has willfully violated the applicable laws of the United States and of the Commonwealth of Pennsylvania, all to the detriment of Plaintiff.

D.  That Defendant, its representatives, agents, employees and all persons acting in concert, be preliminarily enjoined during the pendency of this action from using a Trademark, Service Mark, Trade Name, or any domain name, that is comprised in whole or in part of the words "Genesis" and "Diagnostics," or any substantially similar term(s) which are likely to cause confusion with Plaintiff's Marks.

E. That Defendant, its representatives, agents, employees and all persons acting in concert, be permanently enjoined upon final judgment in this action from using a Trademark, Service Mark, Trade Name, or domain name that is comprised in whole or in part of the words "Genesis" and "Diagnostics," or any substantially similar term(s) which are likely to cause confusion with Plaintiff's Marks.

F. That Defendant be required to delete the words "Genesis" and "Diagnostics," or any substantially similar variation thereof, from the name or designation of its business enterprise, and any websites or domain names owned by Defendant, during the pendency of this action.

G. That Defendant be required to deliver up for impoundment during the pendency of this action all materials relating to Plaintiff's Marks, or any substantially similar variation thereof, and that Defendant be ordered to recall promptly all such items from all of its agents, representatives, customers and potential customers, and to deliver the recalled items to Plaintiff or its agents for impoundment.

H. That Defendant, its representatives, agents, employees and all persons acting in concert, be preliminarily enjoined during the pendency of this action from unfairly competing with Plaintiff.

I. That Defendant, its representatives, agents, employees and all persons acting in concert, be permanently enjoined upon final judgment in this action from unfairly competing with Plaintiff.

J. That Defendant be ordered to account for and award to Plaintiff all damages sustained by it on account of trademark infringement, unfair competition, dilution, and any other damages suffered by Plaintiff as a result of Defendant's conduct as set forth herein, and that such damages be trebled.

K. That Defendant be ordered to pay Plaintiff the costs and disbursements associated with its claims and the bringing of this action.

L. That Defendant be ordered to pay the attorneys' fees of Plaintiff incurred in this lawsuit.

M. That Defendant be required to pay all costs of court incurred by Plaintiff resulting from the filing and prosecution of this lawsuit.

N. That to the extent monetary damages are awarded herein to Plaintiff, that pre-judgment and post-judgment interest at the maximum rate(s) allowed by law be assessed.

O.    That this Court grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of February, 2021.

                LAW OFFICE OF DAVID W. GHISALBERT

By:    / S /   D.W. Ghisalbert_____
        David W. Ghisalbert
        ID No. 328556
        2000 Bering Drive, Suite 700
        Houston, Texas 77057
        (713) 808-9697 [telephone]
        (713) 893-6942 [facsimile]
        dghisalbert@dwglawoffice.com  [email]

        ATTORNEY FOR PLAINTIFF,
        ABIRA MEDICAL LABORATORIES,
        LLC d/b/a GENESIS DIAGNOSTICS